Eastern District of Kentucky
FILED
JUN 2 5 2026
AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 6:26-cr-092-REW

**MICHAEL COLLINS,**
**KEYSHUNDRA VINSON,**
**ANTHONY JACKSON, and**
**RODNEY COUCH**

* * * * *

**THE GRAND JURY CHARGES:**

**<u>COUNT 1</u>**
**21 U.S.C. § 846**

On or about a date in October 2023, the exact date unknown, and continuing through on or about April 28, 2026, in Clay and Laurel Counties, in the Eastern District of Kentucky, and elsewhere,

**MICHAEL COLLINS,**
**KEYSHUNDRA VINSON,**
**ANTHONY JACKSON, and**
**RODNEY COUCH**

did conspire together and with others to knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

**COUNT 2**
**21 U.S.C. § 841(a)(1)**

On or about October 12, 2025, in Clay County, in the Eastern District of Kentucky,

**MICHAEL COLLINS**

did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 3**
**18 U.S.C. § 924(c)(1)(A)**

On or about October 12, 2025, in Clay County, in the Eastern District of Kentucky,

**MICHAEL COLLINS**

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 2, that is, possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 18 U.S.C. § 924(c)(1)(A).

**COUNT 4**
**21 U.S.C. § 841(a)(1)**

On or about December 19, 2025, in Clay County, in the Eastern District of Kentucky,

**RODNEY COUCH**

did knowingly and intentionally distribute a mixture or substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 5**
**21 U.S.C. § 841(a)(1)**

On or about March 24, 2026, in Laurel County, in the Eastern District of Kentucky,

**KEYSHUNDRA VINSON**

did knowingly and intentionally distribute 50 grams or more of distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 6**
**21 U.S.C. § 841(a)(1)**
**18 U.S.C. § 2**

On or about April 28, 2026, in Laurel County, in the Eastern District of Kentucky,

**KEYSHUNDRA VINSON and**
**ANTHONY JACKSON,**

aided and abetted by each other, did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**FORFEITURE ALLEGATIONS**
**21 U.S.C. § 853**
**18 U.S.C. § 924(d)(1)**
**28 U.S.C. § 2461**

1. By virtue of the commission of the felony offense alleged in Counts 1, 2, and 4-6 of the Indictment, **MICHAEL COLLINS, KEYSHUNDRA VINSON, ANTHONY**

**JACKSON, and RODNEY COUCH** shall forfeit to the United States any and all property used, or intending to be used, to commit and to facilitate the commission of the violations of 21 U.S.C. §§ 841 and 846 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. §§ 841 and 846. Any and all interest that **MICHAEL COLLINS, KEYSHUNDRA VINSON, ANTHONY JACKSON, and RODNEY COUCH** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offenses alleged in Count 3 of the Indictment, **MICHAEL COLLINS** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation(s) of 18 U.S.C. § 924. Any and all interest that **MICHAEL COLLINS** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**

a. $43,912.93 in United States currency seized from Michael Collins on or about October 12, 2025; and
b. $2,140.00 in United States currency (including $1,800 in buy money) seized from Keyshundra Vinson and Anthony Jackson on or about April 28, 2026.

**FIREARMS:**

a. Citadel, Model Warthog, 12-gauge shotgun bearing serial number 20-17311 seized from Michael Collins on or about October 12, 2025;
b. Sig Sauer, Model P226, .40 caliber pistol bearing serial number AG17488 seized from Michael Collins on or about October 12, 2025;
c. Glock, Model 30, .45 caliber pistol bearing serial number AHEP154 seized from Michael Collins on or about October 12, 2025;

d. Smith & Wesson, .40 caliber pistol bearing serial number VJJ2919 seized from Michael Collins on or about October 12, 2025;
e. Smith & Wesson, Model M&P 22, .22 caliber pistol bearing serial number HJL7055 seized from Michael Collins on or about October 12, 2025 seized from Michael Collins on or about October 12, 2025;
f. Tisas, Model 1911A1, .45 caliber pistol bearing serial number T0620-24Z19397 seized from Michael Collins on or about October 12, 2025;
g. Del-Ton, Model DTI-15, 5.56x45mm caliber rifle bearing serial number DTI-S131400 seized from Michael Collins on or about October 12, 2025;
h. Mossberg, .22 magnum caliber rifle bearing serial number 277379 seized from Michael Collins on or about October 12, 2025;
i. Rossi, .22 caliber rifle bearing serial number 7CA343427R seized from Michael Collins on or about October 12, 2025;
j. Ruger, Model LCP, .380 caliber pistol bearing serial number 372151371 seized from Michael Collins on or about October 12, 2025;
k. Glock, Model 23, .40 caliber pistol bearing serial number BXY798 seized from Michael Collins on or about October 12, 2025;
l. Weatherby, 30-06 caliber rifle bearing serial number VS86406; and
m. All associated ammunition and accessories.

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

[redacted]

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

ANDREW H. TRIMBLE
ASSISTANT UNITED STATES ATTORNEY

# PENALTIES

**COUNTS 1, 2, 5 & 6**

Not less than 5 years and not more than 40 years of imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

> **If Prior Serious Drug Felony Conviction:** Not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

**COUNT 3**

Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

**COUNT 4**

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

> **If Prior Felony Drug Offense:** Not more than 30 years imprisonment, not more than a $2,000,000 fine, and at least 6 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.